Camila **AREVALO–GALICIA**; Ignacio Arevalo–Galicia, Petitioners,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 03–71634.

Agency Nos. A77–541–057, A77–541–100.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 16, 2004.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.     R.App. P. 34(a)(2).

268

Antonio Reyna Salazar, Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, WWS—District Counsel, Seattle, WA, John M. McAdams, Jr., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

MEMORANDUM**

Ignacio Arevalo–Galicia and Camila Arevalo–Galicia, brother and sister and natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' orders affirming an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for substantial evidence. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's determinations that Camila failed to file her asylum application within one year of her arrival in the United States as required by 8 U.S.C. § 1158(a)(2)(B), *see Hakeem v. INS*, 273 F.3d 812, 815 (9th Cir.2001), and failed to show exceptional circumstances excusing the late filing, *see Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

Substantial evidence supports the IJ's conclusion that the threats made to petitioners' family members through third parties did not constitute past persecution of petitioners. *See, e.g., Lim v. INS*, 224 F.3d 929, 936 (9th Cir.2000) ("Our court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself.").

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ Substantial evidence also supports the determination that petitioners failed to establish well-founded fear of future persecution. Ignacio was able to live without incident in Guatemala City for four years before entering the United States, and several members of their family still safely reside in Guatemala. *See Aruta v. INS,* 80 F.3d 1389, 1395 (9th Cir.1996). Moreover, the record supports the IJ's conclusion that there is no evidence that petitioners' cousin's murder in 2000 was on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1490 (9th Cir.1997).

■ For the reasons stated above, petitioners also fail to qualify for withholding of removal. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 1001 n. 5 (9th Cir.2003). Moreover, because there is no evidence in the record that petitioners were tortured while living in Guatemala or would more likely than not be tortured if returned to Guatemala, their CAT claim also fails. *See Kamalthas v. INS,* 251 F.3d 1279, 1284 (9th Cir.2001).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Camila's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**